# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-21930-BECERRA/TORRES

FENYANG AJAMU STEWART,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENA

This cause comes before the Court on Plaintiff's Motion for Electronic Issuance of Subpoena Duces Tecum. [D.E. 31]. No party has filed a response to the Motion, and the time do so has passed. The Motion, therefore, is ripe for disposition.[1] After careful review of the Motion and relevant authorities, and for the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff brought this suit to remedy an alleged assault and battery he suffered at the hands of Defendant's (Royal Caribbean) employees. Particularly, Plaintiff alleges that while aboard a three-day cruise, three of Defendant's agents "physically assaulted Plaintiff" shortly after "confront[ing] Plaintiff regarding a disputed onboard charge." [D.E. 20 at 1].

---

[1] On July 29, 2025, the Honorable Jacqueline Becerra referred all pre-trial matters to the Undersigned Magistrate Judge for disposition. [D.E. 24].

1

Plaintiff represents that the Los Angeles Port Police were called to the scene of the alleged incident. In the pending Motion, he asks the Court to issue a subpoena to the Los Angeles Port Police, which "seeks production of emergency records, including 911 calls, incident reports, and any available bodycam or CCTV footage related" to the incident. [D.E. 30 at 1].

## II.   ANALYSIS

"A pro se plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval." *Wright v. Young*, No. 4:10-CV-474-SPM-GRJ, 2012 WL 3024431, at *1 (N.D. Fla. July 24, 2012). Here, Plaintiff seeks to subpoena the Los Angeles Port Police for documents and materials that, on their face, appear relevant to his claim that he was unduly assaulted, battered, and detained by Defendant's employees. The subpoena, therefore, appears (on its face) to satisfy the basic contours of discoverable information under Rule 26. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

Consequently, because Plaintiff requests relevant and discoverable information, that he likely cannot procure from Defendant, Plaintiff's Motion is granted. The Court, subsequent to this Order, will electronically issue to the Los Angeles Port Police the proposed subpoena attached as Exhibit 2 to Plaintiff's Motion.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion [D.E. 30] is **GRANTED**. The Court will electronically issue the proposed subpoena subsequent to this Order.

**DONE and ORDERED** in Chambers at Miami, Florida this 17th day of September, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge